Essex County Circuit Court.

NATHAN HARRIS, PLAINTIFF, v. FIORENTINO BERGAMO, OWNER, LESSEE AND BUILDERS; LIONEL P. KRISTELLER, TRUSTEE IN BANKRUPTCY OF FIORENTINO BERGAMO, BANKRUPT; CARRIE LISSNER, OWNER AND LESSOR; LENA E. SLAIGHT, OWNER AND LESSOR; HENRIETTA EISNER, OWNER AND LESSOR; MORTIMER J. EISNER, OWNER AND LESSOR; AND HANA ELBAUM, OWNER AND MORTGAGEE OF LEASEHOLD INTERESTS, DEFENDANTS.

For the plaintiff, *William Harris* (by *Herbert L. Elins*).

For the defendant Carrie Lissner, *Bilder & Bilder* (by *Samuel Kaufman*).

For the defendant Lena E. Slaight, *Lum, Tamblyn & Colyer* (by *George W. Grimm, Jr.*).

For the defendants Henrietta Eisner and Mortimer J. Eisner, *Spaulding Frazer*.

SMITH, J. This is a mechanics' lien suit brought by an architect to recover his charge for the preparation of plans

for a building, as I understand it, erected by the tenant; and his employment was by the tenant.

The case was referred to a referee, whose report was filed April 11th, 1929. Notice of the filing of the report was given to the plaintiff March 14th, 1929.

Although a dissent and reservation of jury trial had been duly entered, all counsel have appeared before the court and submitted the case to the court on the exceptions, waiving the right of trial by jury, and have argued the question involved in the exceptions to the referee's report.

It is conceded that there was no consent in writing on the part of the owners of the land sufficient to satisfy the statute, and the only question before the court is whether the plaintiff has a right of lien against the building as separate from the land by virtue of section 7 of the Mechanics' Lien law, which provides:

"If any building be erected by a tenant or other person than the owner of the land, then only the building and the estate of such tenant or other person so erecting such building, shall be subject to the lien created by this act and the other provisions thereof, unless such building be erected by the consent of the owner of such lands in writing, which writing may be acknowledged or proved and recorded, as deeds are, and when so acknowledged or proved and recorded, the record thereof and copies of same duly certified shall be evidence in like manner."

The defendant owners owned separate tracts of land upon which was erected the one building, although there were separate leases. The tenant, Bergamo, erected this building, but prior to the filing of the mechanics' lien claims he was adjudicated a bankrupt and a trustee in bankruptcy elected who abandoned Bergamo's lease. The estate of the tenant, therefore, was terminated before the filing of the lien claims.

It is admitted that there is due the plaintiff from Bergamo the sum of $4,767.42. It has also been agreed by counsel for the various parties that if the court sets aside the referee's findings and holds that the building is liable to a lien, that a judgment is to be entered in favor of the plain-

tiff against the various defendants, otherwise the report is to be confirmed and judgment is to be entered in favor of the plaintiff against the bankrupt and his trustee, and that a judgment is to be entered in favor of the other defendant owners and against the plaintiff.

Where the building is erected by the tenant or other person, the statute is clear that only the building and the estate of such tenant or other person erecting such building shall be subject to the lien. The plaintiff's claim is that the lien may run against the building as distinguished from the land, even though the estate of the tenant is terminated. I cannot agree with this construction.

As I understand it, the building has become part of the freehold, and to permit a lien upon the building after the termination of the tenancy would be, in effect, to permit a lien against the estate of the owner as distinguished from the estate of the tenant. This, I think, is not intended by the statute. It might be that in some cases where the building could be removed at the end of the tenancy, that a person who had a claim for furnishing work or materials for that building might assert his rights against the building, but when the building has become part of the freehold and the tenancy has been terminated, that right of lien is lost.

I will therefore direct the entry of judgment in favor of the defendant owners and against the plaintiff, and the plaintiff may have a general judgment against Fiorentino Bergamo and Lionel P. Kristeller, his trustee in bankruptcy, in the sum of $4,767.42 with interest from March 13th, 1929.